IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD LEE CLEMMONS,

                     Plaintiff,

       v.                                CASE NO. 93-3037-SAC

STEVEN J. DAVIES, et al.,

                     Defendants.

O R D E R

    Plaintiff initiated this action in 1993, alleging the denial of access to his legal materials violated his right of access to the courts.  By an order dated October 25, 1999, the court granted summary judgment to defendants, finding plaintiff had failed to demonstrate any actual prejudice as required by the Supreme Court.  *See* Lewis v. Casey, 518 U.S. 343, 351 (1996)(to state a claim of being denied right of access to courts, prisoner for deprivation of this right he must demonstrate an actual injury that hindered the prisoner's efforts to pursue a legal claim).  Plaintiff filed an appeal from that final order and judgment, but the Tenth Circuit Court of Appeals dismissed the appeal in February 2000 based on plaintiff's lack of prosecution.

    Now before the court is plaintiff's motion, filed more than seven years later on May 24, 2007, for relief from the judgment entered in this matter.  Plaintiff contends that order and judgment are void because this court erred in applying the law to plaintiff's

case, and asks the court to set aside the judgment and reopen this case.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a party can seek relief from a final judgment and request the reopening of a case under limited circumstances. Fed.R.Civ.P. 60(b)(1)-(6). Relevant to the instant motion, plaintiff seeks relief under two subsections that rule, namely Rule 60(b)(4) which provides relief from a void judgment, and Rule 60(b)(6) which permits the court to relieve a party from a final judgment or order for "any other reason justifying relief."

The court first finds no basis for relief under Rule 60(b)(4) is demonstrated. A judgment is "void" under Rule 60(b)(4) if the rendering court was powerless to enter it. Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000). This occurs "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." United States v. Buck, 281 F.3d 1336, 1344 (10th Cir. 2002)(internal quotation marks and citation omitted). In the present case, the district court clearly had jurisdiction over both the subject matter and parties, and acted well within its authority when it granted summary judgment to the defendants. Plaintiff's disagreement with district court's final decision does challenge the power of the district court to decide defendants' motion for summary judgment, thus plaintiff is entitled to no relief under Rule 60(b)(4). See id.

Nor does plaintiff demonstrate any valid basis for relief under

2

Rule 60(b)(6), which provides a "grand reservoir of equitable power to do justice in a particular case." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996)(quotation omitted). Relief may be granted under Rule 60(b)(6) "only in extraordinary circumstances and only when such action is necessary to accomplish justice," such as when events not contemplated arise after entry of judgment and render enforcement of the judgment inequitable. Id. See also Huffman v. Saul Holdings Ltd. Partnership, 262 F.3d 1128, 1132 (10th Cir. 2001)(appellate mandate rule requires district court to strictly comply strictly with mandate rendered by the reviewing court). Moreover, relief under Rule 60(b)(6) must be sought within a "reasonable time." See Fed.R.Civ.P. 60(c)(as amended December 1, 2007)(formerly located in subsection (b)).

Notwithstanding plaintiff's argument that the district court failed to comply with the Tenth Circuit Court's remand of this matter, and plaintiff's claim that his multiple transfers to prison facilities make it difficult to prepare and file legal pleadings, the court finds plaintiff's motion should be dismissed because it lacks merit and is not filed within a reasonable time.

IT IS THEREFORE ORDERED that plaintiff's motion for relief from judgment (Doc. 66) is denied.

**IT IS SO ORDERED.**

DATED:  This 8th day of January 2007 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3