IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDWARD LEE CLEMMONS,**

                **Plaintiff,**

    v.                                          CASE NO. 93-3037-SAC

**STEVEN J. DAVIES, et al.,**

                **Defendants.**


**O R D E R**

In this action, the court granted summary judgment to defendants in October 1999 on plaintiff's allegations of being denied access to the courts.  In February 2000, the Tenth Circuit Court of Appeals dismissed plaintiff's appeal for lack of prosecution.  More than seven years later, plaintiff filed a motion seeking relief from the 1999 judgment.  The court denied the motion on January 8, 2008, and on March 19, 2008, denied plaintiff leave to proceed in forma pauperis in the appeal pursuant to the "3-strike" provision in 28 U.S.C. § 1915(g).  On March 26, 2008, the Tenth Circuit Court of Appeals directed plaintiff to show cause why his appeal should not be dismissed because it was not timely filed.

Plaintiff submitted a response via prison mail on April 8, 2008, citing delay in his receipt of this court's denial of relief from judgment, and asking for his appeal to be considered as timely filed under the circumstances.  The circuit court found the appeal was untimely filed, and dismissed the appeal on April 28, 2008.

Also on April 8, 2008, plaintiff submitted a motion via prison mail to this court, seeking to reopen the time to appeal pursuant to Fed.R.App.P. 4(a)(6).

Relevant to the instant matter, Rule 4(a)(6) authorizes this court to reopen the time to file an appeal, but only if three enumerated conditions are satisfied.[1] Even if satisfaction of the first enumerated condition, Rule 4(a)(6)(A), could be assumed under the circumstances alleged by plaintiff, it is clear the second condition is not satisfied. Plaintiff acknowledges his receipt of the January 8, 2008, order on January 30, 2008, but did not file the instant motion within seven days thereafter, the earlier of the two dates allowed by Rule 4(a)(6)(B). Because plaintiff has not complied with the mandates of Rule 4(a)(6), his motion is denied.

IT IS THEREFORE ORDERED that plaintiff's motion to reopen the time for filing an appeal (Doc. 79) is denied.

---

[1] Fed.R.App.P. 4(a)(6) reads:
Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
    (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
    (C) the court finds that no party would be prejudiced.

**IT IS SO ORDERED.**

DATED: This 21st day of October 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge